

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | | |
|---|---|---|
| NEUROSURGICAL SPECIALIST OF EL PASO, PLLC., | § | No. 08-23-00262-CV |
| | § | Appeal from the |
| Appellant/Cross-Appellee, | § | 448th Judicial District Court |
| v. | § | of El Paso County, Texas |
| HAROLD K. SMITH, M.D., | § | (TC#2023DCV2905) |
| Appellee/Cross-Appellant. | § | |
| | § | |

## **MEMORANDUM OPINION**

Now pending before the Court, the parties jointly filed, on February 1, 2024, a motion to dismiss both the appeal and the cross-appeal of the respective parties. Appellant/Cross-Appellee Neurosurgical Specialists of El Paso, PLLC filed on October 3, 2023, a notice of accelerated appeal challenging the trial court's order of September 18, 2023, granting a temporary injunction. On October 11, 2023, Appellee/Cross-Appellant Harold K Smith, M.D., filed his notice of cross-appeal challenging the same order, but only to the extent the trial court had denied the full relief he requested.

The joint motion states the parties have reached an agreement to compromise and settle their differences in both this proceeding and in the case pending between them in the trial court.

The motion asks this Court to dismiss both sides' appeals pursuant to Texas Rule of Appellate Procedure 42.1, with each party to bear their own court costs. Although the parties' motion is signed by attorneys representing each party, no signed settlement agreement is attached, nor has an agreement been filed with the clerk of this Court.

Texas Rule of Appellate Procedure 42.1 provides in two sub-parts the actions a court may take to dispose of an appeal on the motion of the appellant or by agreement of the parties. First, under subpart (a)(1), a court may dismiss an appeal or affirm an appealed order on the motion of the appellant or by agreement. TEX. R. APP. P. 42.1(a)(1). Second, under subpart (a)(2), when parties file a signed agreement, the Court may: "(A) render judgment effectuating the parties' agreement; (B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement." TEX. R. APP. P. 42.1(a)(2)(A)–(C).

Because the parties have not filed a signed agreement under subpart (a)(2), we construe the parties' joint motion to dismiss as individual motions under subpart (a)(1) of the rule. Accordingly, both the appeal and the cross-appeal are dismissed pursuant to Rule 42.1 (a)(1) (allowing appellate courts to dismiss an appeal on the motion of appellant). Costs of the appeal are taxed against the party incurring the same pursuant to the parties' respective motions. *See* TEX. R. APP. P. 42.1(d).

GINA M. PALAFOX, Justice

February 9, 2024

Before Alley, C.J., Palafox and Soto, JJ.